# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

CASEY LEMASTERS, DAMON SNYDER,     )
and JAMES PRICE, individually, and on behalf     )
of all others similarly situated,     )
    )
    *Plaintiffs*,     )     **Case No.: 3:25-cv-1762**
    )
v.     )
    )
RED ROBIN INTERNATIONAL, INC.,     )     **Collective and Class Action Complaint**
    )
    )     **JURY TRIAL DEMANDED**
    *Defendant*.     )

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiffs Casey Lemasters, Damon Snyder, and James Price, individually, and on behalf of all others similarly situated, by and through their undersigned attorney, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all matters, bring this putative collective and class action against Defendant Red Robin International, Inc. ("Defendant" or "Red Robin") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105, *et seq.*, the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115, *et seq.*, and the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500, *et seq.*, and, and allege as follows:

## INTRODUCTION

1.     Plaintiffs and Collective and Class Members are current and former Assistant Managers, Assistant General Managers, Kitchen Managers, and General Managers who worked and work for Red Robin. As identified in two (2) other unpaid overtime collective or class actions filed in New York and California - both of which had class or collective action settlements approved, Red Robin uses a lean staffing model at its restaurants to extract long hours from salaried Assistant Managers, Assistant General Managers, and Kitchen Managers, even though they spend most of their days performing physically demanding non-exempt work, such as prepping the food line, cooking, preparing plates of

food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders. Because Red Robin has historically allocated insufficient staff hours to each restaurant, while simultaneously requiring Assistant Managers, Assistant General Managers, and Kitchen Managers to perform the full gamut of customer service-related tasks, Plaintiffs and Collective and Class Members are misclassified as "exempt" because they are forced to spend the majority of their working time performing the same non-managerial tasks being performed by non-exempt workers.

2.      Red Robin's long-standing policy and practice of requiring Assistant Managers, Assistant General Managers, and Kitchen Managers to replace hourly staff in performing non-exempt work was exacerbated and amplified during and after the Covid-19 pandemic, when Red Robin restaurants were even further unwilling to allocate sufficient staff hours and then significantly reduced management salaries across the board, while simultaneously implementing a drastically different bonus structure for salaried management that was dependent on using the fewest staff hours possible.

3.      In response, during and after Covid-19, Red Robin's salaried General Managers were also required to spend most of their days performing physically demanding non-exempt work, such as prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders. As a result, General Managers, Assistant Managers, Assistant General Managers, and Kitchen Managers (collectively "Salaried Managers") would and continue to work long hours and often skip their meal and rest breaks, without receiving any overtime compensation or compensation for missed meal and rest breaks from Red Robin.

4.      Additionally, Salaried Managers and Assistant Managers who were paid hourly (hereinafter "Hourly Managers") earned hundreds of dollars per day in gratuities in the course of their employment; however, Red Robin's policies and procedures prohibit gratuities earned by and owed to Salaried and Hourly Managers to be paid to those Salaried and Hourly Managers. Rather, the gratuities earned by Salaried and Hourly Managers were either kept by Red Robin or allocated to the Salaried and

Hourly Manager's hourly co-workers. Red Robin also failed to reimburse Salaried and Hourly Managers for the use of their personal vehicle to deliver catering orders or obtain supplies from other restaurant locations. As a result, Illinois Salaried and Hourly Managers were denied gratuities and reimbursement of employee expenses owed to them under the Illinois Wage Payment and Collection Act.

## NATURE OF THE ACTION

5.     This lawsuit seeks to recover as a collective action under the FLSA overtime compensation and other penalties for Plaintiffs and their similarly situated co-workers who have worked as Salaried Managers for Red Robin in the State of Missouri and the State of Illinois. This is the <u>FLSA Collective Action</u>.

6.     This lawsuit seeks to recover for an Illinois class overtime compensation, compensation for missed meal and rest breaks, and other penalties for Plaintiffs and their similarly situated co-workers who have worked as Salaried Managers for Red Robin in the State of Illinois. This is the <u>Illinois Minimum Wage Law Class</u>.

7.     This lawsuit seeks to recover for an Illinois class denied gratuities, unpaid employee expense reimbursements for employment duties, and other penalties for Plaintiffs and their similarly situated co-workers who have worked as Salaried Managers for Red Robin in the State of Illinois. This is the <u>Illinois Wage Payment and Collection Class</u>.

8.     This lawsuit seeks to recover for a Missouri class overtime compensation and other penalties for Plaintiffs and their similarly situated co-workers who have worked as Salaried Managers for Red Robin in the State of Missouri. This is the <u>Missouri Minimum Wage Law Class</u>.

9.     Red Robin, a chain of casual dining restaurants focusing mainly on gourmet burgers, bottomless fries, and craft brews, operates nearly five hundred (500) restaurants across the United States and Canada, including approximately seventeen (17) locations in Illinois and twelve (12) locations in Missouri – all of which employ multiple Salaried Managers.

10.     Because Red Robin requires its restaurants to maintain lean staffing of its hourly workers, Salaried Managers consistently spend the vast majority of their working time performing the same

customer service-related duties as non-exempt, hourly-paid workers.

11.    Throughout the relevant period it has been Red Robin's statewide policy to uniformly classify Salaried Managers in Missouri and Illinois as exempt from state overtime provisions and not to pay them any overtime wages.

12.    Red Robin regularly requires Salaried Managers to work in excess of eight (8) hours per workday and forty (40) hours per workweek.  However, because Red Robin classifies Salaried Managers in Missouri and Illinois as exempt, it fails to pay them any overtime compensation for hours worked over eight (8) in a workday or forty (40) in a workweek.

13.    In Illinois, Red Robin also fails to provide Salaried Managers with legally mandated meal and rest breaks, or to pay them an hour of compensation at their regular rate of pay for each workday that a meal or rest break is not provided.

14.    Red Robin prohibits gratuities earned by and owed to Illinois Salaried and Hourly Managers to be paid to those Salaried and Hourly Managers. Rather, the gratuities earned by Salaried and Hourly Managers were either retained by Red Robin or allocated to the Salaried and Hourly Manager's hourly co-workers.

15.    Red Robin requires Salaried and Hourly Managers to use their personal vehicles when delivering catering orders or obtaining supplies from other restaurant locations, but fails to reimburse them for mileage.

16.    By the conduct described in this Collective and Class Action Complaint, Red Robin has violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq*., the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. Stat. § 290.500, *et seq*., and the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105/1, *et seq.*

17.    Plaintiffs bring this action on behalf of themselves and all other current and former Salaried Managers employed by Red Robin in Missouri since September 10, 2022 and in Illinois since September 10, 2015.

18.    In order to remedy Red Robin's violations of the FLSA, MMWL, and IMWL, Plaintiffs

bring this action pursuant to Federal Rule of Procedure 23.

## THE PARTIES

**Plaintiff Casey Lemasters**

19.     Plaintiff Casey Lemasters is an individual citizen residing in St. Clair County, Illinois. Plaintiff Lemasters was employed by Red Robin as an Assistant General Manager at the Fairview Heights, Illinois location from September 2018 until September 2020. Plaintiff Lemasters was employed by Red Robin as a General Manager at the Richmond Heights, Missouri location from September 2020 until July 2023.

20.     Plaintiff Lemasters worked in excess of forty (40) hours per workweek, without receiving overtime compensation or other appropriate compensation as required by state and federal laws. Plaintiff Lemasters was denied gratuities he earned and reimbursement of employee expenses, such as the use of his personal vehicle for employment duties. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

**Plaintiff Damon Snyder**

21.     Plaintiff Damon Snyder is an individual citizen residing in St. Clair County, Illinois. Plaintiff Snyder was employed by Red Robin as a General Manager at the Edwardsville, Illinois location from February 2022 until October 2024.

22.     Plaintiff Snyder worked in excess of forty (40) hours per workweek, without receiving overtime compensation or other appropriate compensation as required by state and federal laws. Plaintiff Snyder was denied gratuities he earned and reimbursement of employee expenses, such as the use of his personal vehicle for employment duties. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit B.

**Plaintiff James Price**

23.     Plaintiff James Price is an individual citizen residing in Clinton County, Illinois. Plaintiff Price, who has over thirty (30) years of experience in the restaurant business, was employed by Red Robin as an Assistant General Manager at the Edwardsville, Illinois location from September 2022 until

April 2024.

24.     Plaintiff Price worked in excess of forty (40) hours per workweek, without receiving overtime compensation or other appropriate compensation as required by state and federal laws. Plaintiff Price was denied gratuities he earned and reimbursement of employee expenses, such as the use of his personal vehicle for employment duties. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit C.

**Defendant Red Robin International, Inc.**

25.     Defendant Red Robin International, Inc. is a corporation organized and existing under the laws of Delaware.

26.     Defendant is registered as a foreign corporation doing business in the State of Illinois. Defendant lists its registered agent as Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703-4261.

27.     Defendant is registered as a foreign corporation doing business in the State of Missouri. Defendant lists its principal office at 10000 E Geddes Avenue, Suite 500, Englewood, Colorado 80112-3680 (since July 26, 2022). Defendant lists its registered agent as CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, Missouri, 65101 (since July 17, 2000).

28.     At all times relevant herein, Defendant has been an employer within the meaning of Illinois and Missouri common laws, Section 3(d) of the FLSA (29 U.S.C. § 203(d)), the Missouri Minimum Wage Law, and the Illinois Minimum Wage Law.

29.     At all times relevant herein, Defendant has maintained control, oversight, and direction over Plaintiffs and the Collective Action and Class Members, including over the timekeeping, payroll, and other employment practices that applied to them. Further, Defendant has benefited from the work performed by Plaintiffs and similarly situated co-workers.

30.     Defendant issued paychecks to Plaintiffs and all similarly situated co-workers during their employment.

31.     Pursuant to Defendant's policy, pattern, and practice, it did not pay Plaintiffs and other

similarly situated Salaried Managers proper overtime wages, compensation for missed meal breaks and rest breaks, gratuities, and employee exenses, for hours they worked for Defendant in excess of forty (40) hours in a workweek.

## JURISDICTION AND VENUE

32.     This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and 1332.

33.     Further, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1332(a), (d) and 1367.

34.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Defendant is registered to transact business in this District, and Defendant operates store locations in this District.

## FLSA COLLECTIVE ACTION ALLEGATIONS

35.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiffs seek to prosecute their FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Red Robin as Salaried Managers within the United States at any time from three (3) years from the date of the filing of this Complaint to the entry of judgment in this case.

36.     Red Robin is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiffs and other similarly situated employees for all hours over 40 worked in any given workweek.

37.     Upon information and belief, there are likely hundreds of similarly situated current and former Salaried Managers who have not been paid premium overtime wages in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join. Thus, notice should be sent to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

38.     The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## ILLINOIS MINIMUM WAGE LAW CLASS ALLEGATIONS

39.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiffs seek to represent is composed of and defined as:

> All employees who are currently or have been employed by Defendant Red Robin in the State of Illinois for workweeks during which those individuals work or worked as Assistant Managers, Assistant General Managers, Kitchen Managers, and General Managers (collectively, "Salaried Managers") at any time from September 10, 2022 through final disposition of this action.

40.     **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Illinois class is at least forty (40) individuals. Although the precise number of putative class members is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants and the members of the Class are ascertainable from Defendants' records.

41.     **Typicality:**  The claims of Plaintiffs for damages, penalties, and restitution are typical of all proposed Class Members.  Red Robin's practice of misclassifying Salaried Managers was identical or nearly identical in nature throughout the State of Illinois and Missouri.  Plaintiffs and the proposed Class suffered common injuries as a result of Red Robin's conduct.

42.     **Adequacy:**  Plaintiffs are members of the proposed Class.  Plaintiffs suffered actual harm and damages as a result of Red Robin's misclassification of them as exempt employees.  Plaintiffs have been informed of their duties as class representatives and have committed to serving in that capacity as adequate representatives.  Plaintiffs' interests in the pursuit of the case are not averse to the interest of other Class Members, and Plaintiffs are aware of no conflicts of interest that are capable of destroying their adequacy to pursue the claims made herein.  Plaintiffs are informed and believe that they have selected competent proposed Class Counsel experienced in handling both the procedural and substantive aspects of the case as a class action.  Plaintiffs will fairly protect the interests of the members of the

proposed Class, have no interests antagonistic to Class Members, and will vigorously pursue this suit via attorneys who are competent, skilled, experienced in litigating class action matters, and well-acquainted with class action process and procedure.

43.    **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy, since joinder of all Class Members is impracticable. Given that this case involves a large number of Class Members with relatively small claims, the burden and expense of individual litigation would make it virtually impossible to seek individual redress for the wrongs done to them. If separate actions were brought or required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would also cause undue burden and expense for the Court and the parties and create the risk of inconsistent rulings.

44.    **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

    a.    whether Red Robin violated the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.*;

    b.    whether Red Robin failed to compensate the Class Representatives and the Class Members for hours worked in excess of 8 hours per workday and 40 hours per workweek;

    c.    whether Red Robin failed to provide the Class Representatives and the Class Members with meal and rest breaks in compliance with requirements of the Illinois Minimum Wage Law;

    d.    whether Red Robin misclassified the Class Representatives and Class Members as exempt employees;

    e.    whether Red Robin failed to pay all wages due to the Class Representatives and Class Members at the time they ended their employment with Red Robin;

    f.    whether Red Robin failed to keep true and accurate time and pay records for all hours

worked by the Class Representatives and the Class Members, and other records required
by the Illinois Minimum Wage Law;

g.   whether Red Robin's policy of failing to pay workers was instituted willfully or with
reckless disregard of the law; and

h.   the nature and extent of class-wide injury and the measure of damages for those injuries.

45.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a
class action pursuant to Federal Rule of Civil Procedure 23.

## ILLINOIS WAGE PAYMENT AND COLLECTION CLASS ALLEGATIONS

46.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a
class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiffs seek to represent is
composed of and defined as:

> All employees who are currently or have been employed by Defendant
> Red Robin in the State of Illinois as Assistant Managers, Assistant General
> Managers, Kitchen Managers, and General Managers (collectively,
> "Salaried Managers"), and Hourly Managers who were not paid the
> gratuities they earned or reimbursed employee expenses at any time from
> September 10, 2015 through final disposition of this action.

47.     **Numerosity:** The members of the Class are so numerous that joinder of all members is
impracticable.  Upon information and belief, the size of the Illinois class is at least forty (40) individuals.
Although the precise number of putative class members is unknown, the facts on which the calculation
of that number depends are presently within the sole control of Defendants and the members of the Class
are ascertainable from Defendants' records.

48.     **Typicality:** The claims of Plaintiffs for damages, penalties, and restitution are typical of
all proposed Class Members.  Red Robin's practice of prohibiting Salaried and Hourly Managers from
being paid their earned gratuities and failing to reimburse Salaried and Hourly Managers for employee
expenses, such as using their personal vehicles to deliver catering or obtain supplies from other
locations, was identical or nearly identical in nature throughout the State of Illinois.  Plaintiffs and the

proposed Class suffered common injuries as a result of Red Robin's conduct.

49.    **Adequacy:**  Plaintiffs are members of the proposed Class.  Plaintiffs suffered actual harm and damages as a result of Red Robin's practice of prohibiting Salaried and Hourly Managers from being paid their earned gratuities and failing to reimburse Salaried and Hourly Managers for employee expenses, such as using their personal vehicles to deliver catering or obtain supplies from other locations.  Plaintiffs have been informed of their duties as class representatives and have committed to serving in that capacity as adequate representatives.  Plaintiffs' interests in the pursuit of the case are not averse to the interest of other Class Members, and Plaintiffs are aware of no conflicts of interest that are capable of destroying their adequacy to pursue the claims made herein.  Plaintiffs are informed and believe that they have selected competent proposed Class Counsel experienced in handling both the procedural and substantive aspects of the case as a class action.  Plaintiffs will fairly protect the interests of the members of the proposed Class, have no interests antagonistic to Class Members, and will vigorously pursue this suit via attorneys who are competent, skilled, experienced in litigating class action matters, and well-acquainted with class action process and procedure.

50.    **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy, since joinder of all Class Members is impracticable. Given that this case involves a large number of Class Members with relatively small claims, the burden and expense of individual litigation would make it virtually impossible to seek individual redress for the wrongs done to them.  If separate actions were brought or required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would also cause undue burden and expense for the Court and the parties and create the risk of inconsistent rulings.

51.    **Existence and Predominance of Common Questions of Fact and Law:**  There are common questions of law and fact as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

  a.  whether Red Robin violated the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115, *et seq*.;

b. whether Red Robin failed to compensate the Class Representatives and the Class Members for gratuities they earned;

c. whether Red Robin failed to reimburse the Class Representatives and the Class Members for employee expenses, such as use of their personal vehicle to deliver catering orders and obtain supplies from other locations;

d. whether Red Robin failed to pay all wages due to the Class Representatives and Class Members at the time they ended their employment with Red Robin;

e. whether Red Robin failed to keep true and accurate records for gratuities earned and employee expenses by the Class Representatives and the Class Members, and other records required by the Illinois Wage Payment and Collection Act;

f. whether Red Robin's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

g. the nature and extent of class-wide injury and the measure of damages for those injuries.

52.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23.

## MISSOURI MINIMUM WAGE CLASS ALLEGATIONS

53.     Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23. The Class that Plaintiffs seek to represent is composed of and defined as:

> All employees who are currently or have been employed by Defendant Red Robin in the State of Missouri for workweeks during which those individuals work or worked as Assistant Managers, Assistant General Managers, Kitchen Managers, and General Managers (collectively, "Salaried Managers") at any time from September 10, 2022 through final disposition of this action.

54.     **Numerosity:** The members of the Class are so numerous that joinder of all members is impracticable.  Upon information and belief, the size of the Missouri class is at least forty (40)

individuals. Although the precise number of putative class members is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants and the members of the Class are ascertainable from Defendants' records.

55.    **Typicality:** The claims of Plaintiffs for damages, penalties, and restitution are typical of all proposed Class Members. Red Robin's practice of misclassifying Salaried Managers was identical or nearly identical in nature throughout the State of Illinois and Missouri. Plaintiffs and the proposed Class suffered common injuries as a result of Red Robin's conduct.

56.    **Adequacy:** Plaintiffs are members of the proposed Class. Plaintiffs suffered actual harm and damages as a result of Red Robin's misclassification of them as exempt employees. Plaintiffs have been informed of their duties as class representatives and have committed to serving in that capacity as adequate representatives. Plaintiffs' interests in the pursuit of the case are not averse to the interest of other Class Members, and Plaintiffs are aware of no conflicts of interest that are capable of destroying their adequacy to pursue the claims made herein. Plaintiffs are informed and believe that they have selected competent proposed Class Counsel experienced in handling both the procedural and substantive aspects of the case as a class action. Plaintiffs will fairly protect the interests of the members of the proposed Class, have no interests antagonistic to Class Members, and will vigorously pursue this suit via attorneys who are competent, skilled, experienced in litigating class action matters, and well-acquainted with class action process and procedure.

57.    **Superiority:** The class action mechanism is superior to other available means for the fair and efficient adjudication of this controversy, since joinder of all Class Members is impracticable. Given that this case involves a large number of Class Members with relatively small claims, the burden and expense of individual litigation would make it virtually impossible to seek individual redress for the wrongs done to them. If separate actions were brought or required to be brought by each individual Class Member, the resulting multiplicity of lawsuits would also cause undue burden and expense for the Court and the parties and create the risk of inconsistent rulings.

58.    **Existence and Predominance of Common Questions of Fact and Law:** There are common questions of law and fact as to the members of the Class, which predominate over questions affecting only individual members of the Class including, without limitation:

a.  whether Red Robin violated the Missouri Minimum Wage Law ("MMWL"), Mo. Rev. State. § 290.500, et seq.;

b.  whether Red Robin failed to compensate the Class Representatives and the Class Members for hours worked in excess of 8 hours per workday and 40 hours per workweek;

c.  whether Red Robin misclassified the Class Representatives and Class Members as exempt employees;

d.  whether Red Robin failed to pay all wages due to the Class Representatives and Class Members at the time they ended their employment with Red Robin;

e.  whether Red Robin failed to keep true and accurate time and pay records for all hours worked by the Class Representatives and the Class Members, and other records required by the Missouri Minimum Wage Law;

f.  whether Red Robin's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

g.  the nature and extent of class-wide injury and the measure of damages for those injuries.

59.    Plaintiffs bring this action on behalf of themselves and all others similarly situated, as a class action pursuant to Federal Rule of Civil Procedure 23.

## FACTUAL ALLEGATIONS

60.    Throughout their employment with Red Robin, Plaintiffs and Collective Action and Class Members, consistent with Red Robin's policies, practices, and patterns, regularly work or worked more than eight (8) hours per workday and forty (40) hours per workweek.

61.    Red Robin is aware that Plaintiffs and Collective Action and Class Members regularly work or worked more than eight (8) hours per workday and forty (40) hours per workweek, yet Red

Robin has failed to pay them any overtime compensation for any hours worked over eight (8) in a workday or forty (40) in a workweek.

62.     Red Robin maintains control, oversight, and discretion over the operations of its restaurants, including its employment practices with respect to Plaintiff, the Collective Action Members, and the Illinois and Missouri Class Members.

63.     During the three (3) years preceding the date of filing this Complaint to the entry of judgment in this case ("the FLSA Collective Action Period"), Plaintiffs and the Illinois and Missouri Collective Action Members performed the same primary job duties: prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders.

64.     During the three (3) years preceding the date of filing this Complaint to the entry of judgment in this case ("the Illinois Minimum Wage Class Period"), Plaintiffs Snyder and Price and the Illinois Class Members performed the same primary job duties: prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders.

65.     During the ten years (10) years preceding the date of filing this Complaint to the entry of judgment in this case ("the Illinois Wage Payment and Collection Act Class Period"), Plaintiffs Lemasters, Snyder, and Price and the Illinois Class Members performed the same primary job duties: prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders.

66.     During the three (3) years preceding the date of filing this Complaint to the entry of judgment in this case ("the Missouri Minimum Wage Law Class Period"), Plaintiff Lemasters and the Missouri Class Members performed the same primary job duties: prepping the food line, cooking,

preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders.

67.    Red Robin assigned all of the work performed by Plaintiffs and Collective Action and Class Members and Red Robin did not and does not keep accurate records of hours worked by Plaintiffs and Collective Action and Class Members.  That is, Plaintiffs' and Collective Action and Class Members' hours were not and are not accurately recorded on pay stubs, and Plaintiffs' and Collective Action and Class Members were not and are not required to clock in or out or otherwise record their time.

68.    These duties of prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders required little skill and no capital investment. This work does not include primarily managerial responsibilities or meaningful independent judgment and discretion. This work was integral in the normal course of Defendant's business and is the same as the duties performed by Red Robin's non-exempt, hourly-paid employees.

69.    Plaintiffs and Collective and Class Action Members performance of manual labor and non-exempt duties occupied the majority of Plaintiffs' and Collective and Class Action Members' time.

70.    Throughout the Collective Action period and the Illinois and Missouri Class periods, the primary job duties of the Plaintiffs and Collective and Class Action Members did not include: hiring, firing, disciplining, or directing the work of other employees, and exercising meaningful independent judgment and discretion.

71.    Upon information and belief, Red Robin did not perform a person-by-person analysis of the job duties of Salaried Managers when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA, the IMWL, and the MMWL.

72.    Plaintiffs and Illinois Class Members regularly work or worked in excess of five-hour shifts for Red Robin, without being afforded at least a half-hour meal break in which they were relieved

of all work duties, and work or worked ten-hour shifts for Red Robin, without being afforded a second half-hour meal break in which they were relieved of all duty. Plaintiffs and Illinois Class Members regularly work or worked for Red Robin without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four (4) hours of work performed (or major fraction thereof). Red Robin did not and does not pay Plaintiffs and Illinois Class Members at least one (1) hour of compensation at their regular rate of pay for each workday for which a meal or rest period was not provided.

73.    Red Robin's historical business model depends on lean staffing of its restaurants, including by relying on Plaintiffs and Collective Action and Class Members to spend the majority of their time performing the same duties as non-exempt, hourly-paid workers.

74.    Red Robin establishes labor budgets to cover labor costs for the restaurants in which the Salaried Managers worked. Upon information and belief, these labor budgets are allegedly based on sales from the prior year; however, Red Robin did not include small appetizers, kid's meals, or desserts in their sales accounting. Further, Red Robin did not adjust sales numbers for promotions, such as free milkshakes or $6 burger and fry nights.

75.    Thus, Red Robin did not provide sufficient money in labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each restaurant.

76.    Further, Red Robin would often reduce labor budgets year-over-year, stating that sales were expected to contract in the future, so labor budgets had to be reduced to account for expected decreased sales.

77.    Red Robin did not reduce store hours or adjust weekly labor budgets when sales were consistent or higher than previously projected.

78.    These labor budgets operated in real time, showing the wages of hourly employees as they were deducted from the labor budgets. Thus, at any time, the remaining labor budget for the rest of the week was clear and overtime was not acceptable.

79.    Red Robin's Regional Managers would contact General Managers during the week while

they were cooking and performing other non-managerial duties, alerting them of their dwindling remaining labor hours for the week, directing them to send hourly employees home so the hourly employees would not incur overtime hours on the weekends.

80.     Defendant knew or recklessly disregarded the fact that the underfunding of restaurant labor budgets resulted in Plaintiffs and Salaried Managers working more than 40 hours in a workweek without receiving any additional overtime compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt, hourly employees.

81.     Red Robin's long-standing policy and practice of requiring Salaried Managers to replace hourly staff in performing non-exempt work was exacerbated and amplified during and after the Covid-19 pandemic, when Red Robin restaurants were even further unwilling to allocate sufficient staff hours and then significantly reduced management salaries across the board, while simultaneously implementing a drastically different bonus structure for salaried management that was dependent on using the fewest staff hours possible.

82.     In response, Red Robin's salaried General Managers were also required to spend most of their days performing physically demanding non-exempt work, such as prepping the food line, cooking, preparing plates of food, washing dishes, bussing tables, seating customers, serving customers, bartending, cleaning, delivering food, prepping to-go orders, packing to-go orders, and delivering catering orders.

83.     Plaintiffs and Collective Action and Class Members consistently spend far less than half of their working time performing managerial and exempt duties that require meaningful independent judgement and discretion.

84.     As a result, Salaried Managers would and continue to work long hours and often skip their meal and rest breaks, without receiving any overtime compensation or compensation for missed meal and rest breaks from Red Robin.

85.     Red Robin's Regional Managers saw its Salaried Managers performing primarily manual labor and non-exempt duties. General Managers communicated to Regional Managers, especially

through their monthly meetings, that they did not have enough hourly employees to staff the restaurants, requiring them to perform primarily manual labor and non-exempt duties. During and after Covid-19, General Managers complaints to their Regional Managers regarding staffing hours increased significantly.

86.    Defendant knew that Plaintiffs and Salaried Managers were performing primarily manual labor and non-exempt duties and based on their actual job duties, Salaried Managers did not fall within any FLSA, IMWL, or MMWL exemptions.

87.    Inasmuch as Red Robin is a substantial corporate entity aware of its obligations under the FLSA, IMWL, or MMWL, it acted willfully or recklessly in failing to classify Plaintiffs and Salaried Managers as non-exempt employees.

88.    Defendant's unlawful conduct was willful or reckless in disregard of the FLSA, IMWL, and/or MMWL and was accomplished through Red Robin's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA, IMWL, and/or MMWL. Defendant's policy, pattern, and practice has been and is widespread, repeated, and consistent.

89.    Salaried and Hourly Managers earned hundreds of dollars per day in gratuities in the course of their employment; however, Red Robin's policies and procedures prohibit gratuities earned by and owed to Salaried and Hourly Managers to be paid to those Salaried and Hourly Managers.

90.    Rather, the gratuities earned by Salaried and Hourly Managers were either kept by Red Robin or allocated to the Salaried Manager's hourly co-workers.

91.    Red Robin also failed to reimburse Illinois Salaried and Hourly Managers for their use of their personal vehicle to deliver catering orders or obtain supplies from other restaurant locations.

92.    As a result, Salaried and Hourly Managers were denied gratuities and reimbursement of employee expenses owed to them under the Illinois Wage Payment and Collection Act.

**FIRST CAUSE OF ACTION**
*Failure to Pay Overtime Wages*
**Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.***
**Brought on Behalf of Plaintiffs and All Collective Action Members**

93.    Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 92, as if fully set forth herein.

94.    At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

95.    At all relevant times, Defendant employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

96.    Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

97.    Plaintiffs have consented in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibits A through C.

98.    The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq.*, apply to Red Robin.

99.    At all relevant times and continuing to the present, Defendant has had a policy, pattern, and practice of refusing to pay premium overtime compensation to their Salaried Managers for hours worked in excess of 40 hours per workweek.

100.    As a result of Defendant's willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

101.    As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiffs and the Collective Action Members, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including

29 U.S.C. §§ 211(c) and 215(a).

102.    As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its restaurants, Defendant knew or recklessly disregarded the fact that Plaintiffs and the Collective Action Members were primarily performing manual labor and non-exempt tasks.

103.    Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiffs and the similarly situated Collective Action Members; (c) actual knowledge, through its Regional Managers that the primary duties of Plaintiffs and the similarly situated Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by- person analysis of Plaintiffs' and the Collective Action Members' job duties to ensure that they were performing exempt job duties; and (e) policy and practice that did not allow Plaintiffs and Collective Action Members to record all hours worked, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA.  29 U.S.C. § 255(a).

104.    As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendant's willful or reckless violations of the FLSA; and (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

105.    Red Robin's violations of the FLSA have been willful or reckless, thus a three (3) year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**SECOND CAUSE OF ACTION**
***Failure to Pay Overtime Wages***
**Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. 105, *et seq*.**
**Brought by Plaintiffs Snyder and Price,**
**on Behalf of Themselves and all Illinois Class Members**

106.    Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

107.    At all times relevant herein, Illinois Plaintiffs Snyder and Price and Illinois Minimum Wage Law Class Members have been entitled to the rights, protections, and benefits provided under the IMWL. 820 Ill. Comp. Stat. 105/1, *et seq*.

108.    The IMWL regulates, among other things, the payment of overtime wages by employers to employees, subject to limited exemptions not applicable herein. *Id*.

109.    At all relevant times, Defendant has been, and continues to be, an employer of the Illinois Plaintiffs and the Illinois Minimum Wage Law Class Members within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/3(c).

110.    During all times relevant to this action, Illinois Plaintiffs and Illinois Minimum Wage Law Class Members were Defendant's employees within the meaning of the IMWL. 820 Ill. Comp. Stat. 105/3(d).

111.    Pursuant to the IMWL, during the relevant time period, employees were entitled to one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in a given work week.

112.    Defendant, pursuant to its policy and practice, violated the IMWL by refusing and failing to pay Illinois Plaintiffs and other similarly-situated employees minimum overtime wages for work performed, including payment of minimum overtime wages for time spent working for Defendant, in excess of 40 hours per work week, for which Defendant paid no compensation, or, alternatively, paid less than one and one-half times the employees regular rate of pay.

113.    Illinois Plaintiffs and Illinois Minimum Wage Law Class Members are victims of a uniform and employer-based compensation policy. Upon information and belief, this uniform policy, violative of the IMWL, has been applied, and continues to be applied to all Illinois Minimum Wage Law Class Members who are employed or were employed by Defendant.

114.    Illinois Plaintiffs and all other similarly situated employees are entitled to damages including treble the amount of underpayments and 5% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

115.    Illinois Plaintiffs and other similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rate.

116.    Finally, Defendant is liable for Illinois Plaintiffs' costs and attorneys' fees incurred in this action.

**THIRD CAUSE OF ACTION**
***Failure to Pay Gratuities and Employee Expenses***
**Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115, *et seq*.**
**Brought by Plaintiffs Lemasters, Snyder, and Price,**
**on Behalf of Themselves and all Illinois Class Members**

117.    Plaintiffs, on behalf of themselves and all Collective Action Members, re-allege and incorporate by reference all preceding paragraphs as alleged above as if fully set forth herein.

118.    At all times relevant herein, Illinois Plaintiffs Lemasters, Snyder, and Price and Illinois Wage Payment and Collection Act Class Members have been entitled to the rights, protections, and benefits provided under the IWPCA. 820 Ill. Comp. Stat. 115/1, *et seq*.

119.    The IWPCA regulates, among other things, the payment of gratuities to employees and the reimbursement of employee expenses incurred during employment duties, subject to limited exemptions not applicable herein. *Id*.

120.    At all relevant times, Defendant has been, and continues to be, an employer of Illinois Plaintiffs and the Illinois Wage Payment and Collection Act Class Members within the meaning of the IWPCA. 820 Ill. Comp. Stat. 115/2.

121.    During all times relevant to this action, Illinois Plaintiffs and Illinois Wage Payment and Collection Act Class Members were Defendant's employees within the meaning of the IWPCA. 820 Ill. Comp. Stat. 115/2.

122.    Pursuant to the IWPCA, during the relevant time period, employees were entitled to gratuities owed to them. IWPCA, 820 Ill. Comp. Stat. 115/4.1.

123.    Pursuant to the IWPCA, during the relevant time period, employees were entitled to reimbursement of all necessary expenditures or losses incurred by the employee within the employee's scope of employment and directly related to services performed for the employer. IWPCA, 820 Ill.

Comp. Stat. 115/9.5.

124.    Defendant, pursuant to its policy and practice, violated the IWPCA by refusing and failing to pay Illinois Plaintiffs and other similarly situated employees gratuities earned and owed to them.

125.    Defendant, pursuant to its policy and practice, violated the IWPCA by refusing and failing to reimburse Illinois Plaintiffs and other similarly situated employees for employee expenses, including use of their personal vehicles to deliver catering or obtain supplies from other restaurant locations.

126.    Illinois Plaintiffs and Illinois Wage Payment and Collection Act Class Members are victims of consistent, uniform, and company-wide policies, patterns, and practices. Upon information and belief, these uniform policies, patterns, and practices, violative of the IWPCA, have been applied, and continue to be applied to all Illinois Wage Payment and Collection Act Class Members who are employed or were employed by Defendant.

127.    Illinois Plaintiffs and all other similarly situated employees are entitled to damages including 5% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid.

128.    Finally, Defendant is liable for Illinois Plaintiffs' costs and attorneys' fees incurred in this action.

**FOURTH CAUSE OF ACTION**
***Failure to Pay Overtime Wages***
**Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500, *et seq*.**
**Brought by Plaintiffs Lemasters,**
**on Behalf of Himselves and all Missouri Class Members**

129.    Plaintiffs hereby incorporate all preceding paragraphs as alleged above as if fully set forth herein.

130.    At all times relevant herein Missouri Plaintiff Lemasters and the Missouri Minimum Wage Law Class Members have been entitled to the rights, protections, and benefits provided under the MMWL. Mo. Rev. Stat. § 290.500, *et seq*.

131.    The MMWL regulates, among other things, the payment of overtime wages by employers in Missouri, subject to limited exemptions not applicable herein.

132.    At all relevant times, Defendant has been, and continues to be, an employer of Missouri Plaintiff and the Missouri Minimum Wage Law Class Members within the meaning of the MMWL. Mo. Rev. Stat. § 2910.500(4).

133.    During all times relevant to this action, Missouri Plaintiff and the Missouri Minimum Wage Law Class Members were Defendant's employees within the meaning of the MMWL. Mo. Rev. Stat. § 290.500(3).

134.    The MMWL exempts certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Missouri Plaintiff or Missouri Minimum Wage Law Class Members.

135.    Pursuant to the MMWL, employees have been entitled to one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a given work week.

136.    Defendant, pursuant to its policy and practice, violated the MMWL by refusing and failing to pay Missouri Plaintiff and other similarly situated employees minimum overtime wages.

137.    Missouri Plaintiff and Missouri Minimum Wage Law Class Members are victims of a uniform and employer-based compensation policy. Upon information and belief, this uniform policy, violative of the MMWL, has been applied, and continues to be applied to all Missouri Minimum Wage Law Class Members who are employed or were employed by Defendant.

138.    Missouri Plaintiff and all other similarly-situated employees are entitled to damages including payment of minimum overtime wages for time spent working for Defendant, in excess of 40 hours per work week, for which Defendant paid no compensation, or, alternatively, paid less than one and one-half times the employees regular rate of pay, within the three (3) years preceding the filing of this Complaint. Mo. Rev. Stat. § 290.527.

139.    Missouri Plaintiff and all other similarly situated employees are entitled to liquidated damages equal to twice the unpaid minimum overtime wages within three (3) years preceding the filing

of the Complaint. *Id*.

140.     Missouri Plaintiff and other similarly situated employees are entitled to an award of pre- and post-judgment interest at the applicable legal rate. *Id*.

141.     Finally, Defendant is liable for Missouri Plaintiff's costs and attorneys' fees incurred in this action. *Id*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, the Collective Action Members, the Illinois Class Members, and the Missouri Class Members are entitled to and pray for the following relief:

a.      Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective Action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      Certification of the Illinois Minimum Wage Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiffs Snyder and Price and their counsel to represent the members of the Illinois Minimum Wage Class;

c.      Certification of the Illinois Wage Payment and Collection Act Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiffs Lemasters, Snyder, and Price and their counsel to represent the members of Illinois Wage Payment and Collection Act Class;

d.      Certification of the Missouri Minimum Wage Class as a class action pursuant to FED. R. CIV. P. 23(b)(2) and (b)(3), and the appointment of Plaintiff Lemasters and his counsel to represent the members of the Missouri Minimum Wage Class;

e.      A permanent injunction requiring Red Robin and its directors, officers, owners, agents, successors, employees, and representatives to cease its unlawful practices under, and comply with the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection

Act Class, and the Missouri Minimum Wage Law;

f.      Issuance of a declaratory judgment that the practices complained of are unlawful under the FLSA, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act Class, and the Missouri Minimum Wage Law;

g.      An award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA, the Illinois Minimum Wage Law, and the Missouri Minimum Wage Law, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

h.      An award of one (1) hour of compensation at their regular rate of pay for each workday that a meal or rest day was not provided for Plaintiffs and the Illinois Class Members pursuant to the Illinois Minimum Wage Law;

i.      An award of gratuities earned by and owed to Illinois Salaried and Hourly Managers for Plaintiffs and the Illinois Class Members pursuant to the Illinois Minimum Wage Payment and Collection Act;

j.      An award of employee expense reimbursement for the use of personal vehicles for supply runs and delivering catering orders to Illinois Salaried and Hourly Managers for Plaintiffs and the Illinois Class Members pursuant to the Illinois Minimum Wage Payment and Collection Act;

k.      An award for the Plaintiffs and the Collective Class Action Members of liquidated damages as a result of Red Robin's willful or reckless failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

l.      An award for the Illinois Plaintiffs and the Illinois Minimum Wage Law Members of liquidated damages as a result of Red Robin's failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of treble the amount of underpayments and

5% of the amount of such underpayments for each month following the date of payment during which such underpayments remain unpaid pursuant to 820 Ill. Comp. Stat. 105/12(a);

m.   An award for the Missouri Plaintiff and the Missouri Minimum Wage Law Members of liquidated damages as a result of Red Robin's failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate twice the amount of unpaid wages pursuant to Mo. Rev. Stat. § 290.527;

n.   An award of prejudgment and post-judgment interest as provided by law;

o.   A reasonable incentive award to compensate Plaintiffs for time spent attempting to recover unpaid wages, compensation for missed meals and breaks, unpaid gratuities, employee expense reimbursement, and penalties on behalf of Class Members and for the risks undertaken in doing so;

p.   An award of costs and expenses of this action, together with reasonable attorneys' and expert fees; and

q.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to FED. R. CIV. P. 38(b), Plaintiffs and the Collective Action and Class Members demand a trial by jury on all questions of fact raised by the Complaint.


DATED: September 10, 2025                    Respectfully Submitted,


By: */s/ Diana E. Wise*
**Diana E. Wise – IL Bar #6304459**
WISE LAW LLC
637 W Highway 50, #601
O'Fallon, IL 62269
Ph: 217-556-8036
Email: dwise@wiseconsumerlaw.com

*Attorney for Plaintiffs, the Collective Action, and the Proposed Classes*

# EXHIBIT A

## CONSENT TO JOIN LAWSUIT

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the alleged failure of Red Robin International, Inc. and/or their parent, subsidiary, predecessor, successor, and affiliated and related companies ("Red Robin") to obtain proper wages or other compensation and benefits, including, but not limited to overtime wages, unpaid break and meal times, unpaid gratuities, and/or reimbursement of employee expenses, under federal and state law. I appoint Wise Law LLC to make decision on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit or arbitration, including any settlement of any and all compensation claim(s) I have against the above-named entity.

Signature: _____

Printed Name: Casey LeMasters _____ Date: 09 / 08 / 2025 _____

**Dropbox Sign**

Audit trail

| | |
|---|---|
| **Title** | LeMasters - FLSA Consent to Join Lawsuit |
| **File name** | 2025-09-08_-_FLSA...Join_Lawsuit.docx |
| **Document ID** | 7f44dd1060bd16690cf0532739e19ee1572b948e |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

**SENT**
**09 / 08 / 2025**
21:08:26 UTC
Sent for signature to Casey LeMasters
(c_lemasters@hotmail.com) from dwise@wiseconsumerlaw.com
IP: 99.85.8.51

**VIEWED**
**09 / 08 / 2025**
21:14:03 UTC
Viewed by Casey LeMasters (c_lemasters@hotmail.com)
IP: 12.55.204.114

**SIGNED**
**09 / 08 / 2025**
21:15:11 UTC
Signed by Casey LeMasters (c_lemasters@hotmail.com)
IP: 12.55.204.114

**COMPLETED**
**09 / 08 / 2025**
21:15:11 UTC
The document has been completed.

# EXHIBIT B

## **CONSENT TO JOIN LAWSUIT**

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the alleged failure of Red Robin International, Inc. and/or their parent, subsidiary, predecessor, successor, and affiliated and related companies ("Red Robin") to obtain proper wages or other compensation and benefits, including, but not limited to overtime wages, unpaid break and meal times, unpaid gratuities, and/or reimbursement of employee expenses, under federal and state law. I appoint Wise Law LLC to make decision on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit or arbitration, including any settlement of any and all compensation claim(s) I have against the above-named entity.

Signature: _____

Printed Name: Damon Snyders
_____  Date: 09 / 09 / 2025 _____

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Snyders - FLSA Consent to Join Lawsuit |
| **File name** | 2025-09-08_-_FLSA...Join_Lawsuit.docx |
| **Document ID** | b6f941f41ceb68fc8999c3e0d3ff97f4f3ae1fa1 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| **SENT** | **09 / 08 / 2025**<br>21:12:46 UTC | Sent for signature to Damon Snyders (snyder@mycompumail.com)<br>from dwise@wiseconsumerlaw.com<br>IP: 99.85.8.51 |
| **VIEWED** | **09 / 10 / 2025**<br>02:13:33 UTC | Viewed by Damon Snyders (snyder@mycompumail.com)<br>IP: 75.243.41.57 |
| **SIGNED** | **09 / 10 / 2025**<br>02:13:49 UTC | Signed by Damon Snyders (snyder@mycompumail.com)<br>IP: 75.243.41.57 |
| **COMPLETED** | **09 / 10 / 2025**<br>02:13:49 UTC | The document has been completed. |

# EXHIBIT C

## <u>CONSENT TO JOIN LAWSUIT</u>

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the alleged failure of Red Robin International, Inc. and/or their parent, subsidiary, predecessor, successor, and affiliated and related companies ("Red Robin") to obtain proper wages or other compensation and benefits, including, but not limited to overtime wages, unpaid break and meal times, unpaid gratuities, and/or reimbursement of employee expenses, under federal and state law. I appoint Wise Law LLC to make decision on my behalf concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit or arbitration, including any settlement of any and all compensation claim(s) I have against the above-named entity.

Signature: _James A. Price_____

Printed Name: _Jim Price_____ Date: _09 / 09 / 2025_____

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | FLSA Consent to Join Lawsuit |
| **File name** | 2025-09-08_-_FLSA...Join_Lawsuit.docx |
| **Document ID** | 905e7ddcde0ebbfa8f718a923eade74d3edf49d6 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

## Document History

| | | |
|---|---|---|
| SENT | **09 / 08 / 2025**<br>21:15:47 UTC | Sent for signature to Jim Price (jpcardsfan12@outlook.com)<br>from dwise@wiseconsumerlaw.com<br>IP: 99.85.8.51 |
| VIEWED | **09 / 09 / 2025**<br>13:20:57 UTC | Viewed by Jim Price (jpcardsfan12@outlook.com)<br>IP: 67.66.140.30 |
| SIGNED | **09 / 09 / 2025**<br>13:21:13 UTC | Signed by Jim Price (jpcardsfan12@outlook.com)<br>IP: 67.66.140.30 |
| COMPLETED | **09 / 09 / 2025**<br>13:21:13 UTC | The document has been completed. |

Powered by **Dropbox** Sign